UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16cv208-FDW

| CHRISTOPHER CHARLES HARRIS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | ORDER |
| ERIC DYE, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner Christopher Charles Harris's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

**I. BACKGROUND**

Petitioner is a prisoner of the State of North Carolina who was convicted on October 14, 2013 by an Iredell County Superior Court jury of three counts of statutory rape of a person who is 13, 14, or 15 years old. The court sentenced Petitioner to three consecutive terms of 240 to 297 months imprisonment. State v. Harris, 768 S.E.2d 64 (N.C. Ct. App. 2014) (unpublished).

Petitioner appealed, and on December 16, 2014, the North Carolina Court of Appeals issued a decision upholding Petitioner's convictions. Id. Petitioner did not file a petition for discretionary review ("PDR") in the North Carolina Supreme Court. (Pet. 3, Doc. No. 1.)

According to Petitioner, he mailed a motion for appropriate relief ("MAR") to the Iredell County Superior Court on November 4, 2015. (Pet. 14-15.) Petitioner has attached as an exhibit what purports to be a copy of the Alexander Correctional Institution's log of outgoing legal mail

1

that shows entries on November 5, 2015, for mailings by Petitioner – one to the Iredell County Clerk of Court and the other to the Iredell County District Attorney. (Mail Log 36, Pet'r's (unnumbered) Exs., Doc. No. 1-2.) Petitioner asserts that he wrote a letter to the Clerk of Court on January 26, 2016, inquiring about the status of his MAR and received a letter in response, on May 18, 2016, that the Clerk's office had not received his MAR. (Pet. 15.) Petitioner states that he then mailed the Clerk a copy of the MAR but provides no other details. (Pet. 15.) Finally, according to Petitioner, his wife hand-delivered a copy of the MAR to the Iredell County Clerk's Office on August 9, 2016. (Pet. 15.)

Petitioner's MAR was denied on August 26, 2016. (Order Den. MAR 54, Pet'r's (unnumbered) Exs., Doc. No. 1-2.) His petition for writ of certiorari, seeking review of the order denying his MAR, was, itself, denied on October 25, 2016, by the North Carolina Court of Appeals. (Order Den. Cert. Pet. 1, Pet'r's (unnumbered) Exs., Doc. No. 1-2.)

Petitioner filed the instant § 2254 Petition in this Court on October 28, 2016, when he placed it in the prison mail system. He raises claims of ineffective assistance of trial counsel.

## II.    STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and

2

the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

**III.　DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. § 2244(d)(1)(A).[1] The limitations period is tolled during the pendency of a properly filed state post-conviction action. § 2244(d)(2).

Judgment was entered in this case on October 14, 2013, when Petitioner was sentenced. The North Carolina Court of Appeals issued its opinion affirming Petitioner's judgment on December 16, 2014. He then had thirty-five days to file a PDR in the North Carolina Supreme Court. See N.C. R. App. P. 15(b) ("A petition for review following determination by the Court of Appeals shall be . . . filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C. R. App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk."). Petitioner did not seek discretionary review during that thirty-five-day time frame. Therefore, his judgment became final on or about January 20, 2015, when the time for seeking direct review expired. See § 2244(d)(1)(A); Gonzalez v. Thaler, 132 S.Ct. 641, 656 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for

---

[1] There are three situations under which the statute of limitations begins to run at a later date, but none of those apply here. See 28 U.S.C. § 2244(d)(1)(B)-(D).

seeking such review expires.").

The federal statute of limitations then ran for 365 days until it expired on or about January 20, 2016, more than nine months before Petitioner filed the instant § 2254 habeas Petition. Thus, absent equitable tolling his habeas petition is time-barred under § 2244(d)(1)(A).

Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

Petitioner asserts that he mailed his MAR to the Iredell County Clerk of Court on November 4, 2015, that he wrote to the Clerk's Office asking about the status of his case, and that he did not learn until May 18, 2016, when he received a letter from the Clerk's Office, that his MAR had never arrived. (Pet. 14-15.) Having a legal filing lost in the mail is not an "extraordinary" circumstance as that term is understood in the context of equitable tolling. Moreover, even if the statute of limitations was equitably tolled between November 4, 2015 and May 18, 2016, it would have expired on or about August 3, 2016, before Petitioner's MAR was finally filed.

Petitioner also asserts that he was delayed in filing his post-conviction motions because he did not have access to a law library and had to do all of his research from prison. (Pet. 15.)

Although North Carolina prisons do not have law libraries, prisoners have access to North Carolina Prison Legal Services ("NCPLS"), which is staffed by persons trained in the law. See Bounds v. Smith, 430 U.S. 817, 828 (1977), overruled on other grounds by Lewis v. Casey, 518 U.S. 343, 354 (1996) ("[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."). "North Carolina's decision to utilize [NCPLS] in lieu of providing prison libraries at all of its correctional facilities is hardly an extraordinary circumstance unique to [P]etitioner." Bryant v. Hines, No. 5:12–HC2061–F, 2013 WL 427101, at *5 (E.D.N.C. Feb.4, 2013) (unpublished).

Petitioner is not entitled to equitable tolling. Accordingly, his habeas Petition will be dismissed as untimely.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable,

and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: March 31, 2017

Frank D. Whitney
Chief United States District Judge